TG

**FILED**

J.N

MAR 2 2 2007
MAR 2 2 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JUDGE GETTLEMAN**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 06 CR 782 |
| v. | ) | Violations: Title 18, United States |
| | ) | Code, Sections 641, 371 and 2 |
| RICHARD E. DORONIUK, | ) | |
| MAHMOUD SHAMAH, aka "Mike," and | ) | |
| LARRY CROSS aka "Peanut" | ) | |

<u>COUNT ONE</u>

**MAGISTRATE JUDGE NOLAN**

The SPECIAL DECEMBER 2005 GRAND JURY charges:

1.     At times material to this Indictment:

(a)     The Chicago Police Department ("CPD") was a law enforcement agency in the City of Chicago, empowered to enforce the laws of the State of Illinois, the County of Cook, and the City of Chicago.

(b)     Defendant RICHARD DORONIUK was employed as a police officer with the Chicago Police Department, assigned to the 22nd Police District.   He worked on a tactical team.

(c)     Defendant MAHMOUD SHAMAH was employed as a police officer with the Chicago Police Department, assigned to the 22nd Police District. He worked on a tactical team.

(d)     Defendant LARRY CROSS was a narcotics dealer.   He assisted defendants DORONIUK and SHAMAH by, among other things,  posing as a "John Doe" informant for state search warrants.

(e)     Cooperating witness ("CW1") was a narcotics dealer.   In 2005, CW1 began cooperating with the federal government in various matters.

2.     Beginning no later than in or about June 2006 and continuing until at least August

2006 in the Northern District of Illinois and elsewhere,

RICHARD E. DORONIUK,
MAHMOUD SHAMAH, aka "Mike," and
LARRY CROSS aka "Peanut"

defendants did conspire to steal, purloin, and convert to their own use money belonging to the United

States, namely approximately $31,100, in violation of Title 18, United States Code, Section 641.

3.     It was part of the conspiracy that on or about June 12, 2006, defendant LARRY

CROSS provided information he received from CW1 regarding the location of a storage unit

purportedly rented by a drug dealer containing drugs and money to defendant RICHARD

DORONIUK.   Defendant DORONIUK shared the information with defendant MAHMOUD

SHAMAH. The storage unit, number 549, was located at the Grand-Pulaski Self Storage in Chicago

("Unit 549").  Unbeknownst to defendants CROSS, DORONIUK, and SHAMAH, Unit 549 had

actually been rented by the Federal Bureau of Investigation.

4.     It was further part of the conspiracy that on or about June 13, 2006, defendants

RICHARD DORONIUK, MAHMOUD SHAMAH, and LARRY CROSS agreed they would steal

money from Unit 549. Defendants DORONIUK and SHAMAH took defendant CROSS to obtain

a state search warrant from a state court judge.  Defendant CROSS was posing as the "John Doe"

informant claiming to have personal knowledge of the facts contained in the search warrant affidavit

concerning the contents of the storage unit.  In fact, as defendants CROSS, DORONIUK and

SHAMAH knew, CROSS did not have personal knowledge of the facts in the search warrant

affidavit.

5.     It was further part of the conspiracy that on or about June 13, 2006, defendants

RICHARD DORONIUK and MAHMOUD SHAMAH, as well as two other CPD officers, went to

2

the Grand-Pulaski Self Storage Facility to execute the search warrant for Unit 549.

6.     It was further part of the conspiracy that on or about June 13, 2006, defendants RICHARD DORONIUK and MAHMOUD SHAMAH in executing that search warrant removed a black bag from Unit 549 that contained $20,000 in funds that, unbeknownst to defendants, DORONIUK and SHAMAH, belonged to the Federal Bureau of Investigation.

7.     It was further part of the conspiracy that defendants RICHARD DORONIUK and MAHMOUD SHAMAH did not inventory as evidence the $20,000 they seized in executing the search with CPD and reported that no property was recovered from the search. DORONIUK and SHAMAH instead kept the $20,000 and divided it equally between themselves. DORONIUK and SHAMAH did not give defendant CROSS any of the stolen money and falsely told CROSS that there was no money in the unit.

8.     It was further part of the conspiracy that on or about August 17, 2006, defendant LARRY CROSS provided information he received from CW1 regarding the location of a storage unit purportedly rented by a drug dealer containing drugs and money to defendant RICHARD DORONIUK. Defendant DORONIUK shared the information with defendant MAHMOUD SHAMAH. The storage unit, number 111, was located at the Grand-Kilbourn Self Storage in Chicago ("Unit 111"). Unbeknownst to defendants CROSS, DORONIUK, and SHAMAH, Unit 111 had actually been rented by the Federal Bureau of Investigation.

9.     It was further part of the conspiracy that on or about August 17, 2006, defendants RICHARD DORONIUK, MAHMOUD SHAMAH, and LARRY CROSS agreed they would steal money from Unit 111.

10.     It was further part of the conspiracy that on about August 17, 2006, defendants

3

RICHARD DORONIUK and MAHMOUD SHAMAH made plans for the storage locker ripoff. Among other things, they planned to wear baggy clothing that could conceal stolen funds and to destroy any evidence of the container for the money.

11.   It was further part of the conspiracy that on or about August 17, 2006, defendants RICHARD DORONIUK and MAHMOUD SHAMAH made plans regarding the presence of other officers at the search. Part of those plans included ensuring that Officer A, who was not DORONIUK and SHAMAH's regular sergeant, would be the sergeant present for the search because Officer A would be willing to stay out of Unit 111 and thereby allow defendants DORONIUK and SHAMAH to steal money.

12.   It was further part of the conspiracy that on or about August 18, 2006, defendants RICHARD DORONIUK and MAHMOUD SHAMAH took defendant LARRY CROSS to obtain a state search warrant from a state court judge. Defendant CROSS was posing as the "John Doe" informant claiming to have personal knowledge of the facts contained in the search warrant affidavit concerning the contents of the storage unit. In fact, as defendants CROSS, DORONIUK and SHAMAH knew, CROSS did not have personal knowledge of the facts in the search warrant affidavit.

13.   It was further part of the conspiracy that on or about August 18, 2006, defendant MAHMOUD SHAMAH, in a telephone call with Officer A before the search, talked to Officer A about keeping the CPD lieutenant who would be at the search location out of the unit. Defendant SHAMAH explained that he and defendant DORONIUK needed to take care of their John Doe if anything was found in the unit, referring to needing to pay their informant from money that might be found during the search.

4

14.     It was further part of the conspiracy that on or about August 18, 2006, defendants RICHARD DORONIUK and MAHMOUD SHAMAH, as well as other CPD officers, went to the Grand-Kilbourn Self Storage to execute the search warrant for Unit 111.

15.     It was further part of the conspiracy that on or about August 18, 2006, defendants RICHARD DORONIUK and MAHMOUD SHAMAH went into Unit 111.   Officer A and the CPD lieutenant remained in the hallway of the facility outside Unit 111.

16.     It was further part of the conspiracy that on or about August 18, 2006, defendants RICHARD DORONIUK and MAHMOUD SHAMAH in executing that search warrant removed a cardboard box from Unit 111 that contained $18,100 in funds that, unbeknownst to defendants DORONIUK and SHAMAH, belonged to the Federal Bureau of Investigation.

17.     It was further part of the conspiracy that on or about August 18, 2006, defendants RICHARD DORONIUK and MAHMOUD SHAMAH did not inventory as evidence the full $18,100 they seized in executing the search with CPD and instead only inventoried $7,000 of the money, reporting that amount as the total money recovered from the search.  DORONIUK and SHAMAH kept the remaining money, which they divided between themselves.

18.     It was further part of the conspiracy that on or about August 18, 2006, defendants RICHARD DORONIUK and MAHMOUD SHAMAH agreed to pay $500 from each of their shares of the stolen money, for a total of $1000, to defendant LARRY CROSS for his assistance.  The following day, DORONIUK paid CROSS from the stolen funds.  That same day, CROSS paid $400 of the funds he received from DORONIUK to CW1 as compensation for the information CW1 had provided.

19.     It was further part of the conspiracy that defendants RICHARD DORONIUK,

5

MAHMOUD SHAMAH, and LARRY CROSS used telephones to communicate with each other and others regarding the storage locker ripoffs.

20.    It was further part of the conspiracy that defendants RICHARD DORONIUK, MAHMOUD SHAMAH, and LARRY CROSS attempted to and did misrepresent, conceal and hide and caused to be misrepresented, concealed and hidden the existence, purposes and acts done in furtherance of the conspiracy.

## OVERT ACTS

21.    To effect the objects of the conspiracy, defendants RICHARD DORONIUK, MAHMOUD SHAMAH and LARRY CROSS did commit and caused to be committed the following overt acts, among others, in the Northern District of Illinois, Eastern Division:

(a)    On or about June 12, 2006, defendants RICHARD DORONIUK, MAHMOUD SHAMAH, and LARRY CROSS  planned to steal contents from a storage locker by conducting a search of a storage unit pursuant to a state search warrant and keeping some or all of any money found during the search.

(b)    On or about June 13, 2006, defendants RICHARD DORONIUK, MAHMOUD SHAMAH, and LARRY CROSS went to a state court judge and obtained a state search warrant for the storage unit, Unit 549 at the Grand-Pulaski Self Storage using a false affidavit.

(c)    On or about June 13, 2006, defendants RICHARD DORONIUK and MAHMOUD SHAMAH went to the Grand-Pulaski Self Storage to execute the warrant on Unit 549.

(d)    On or about June 13, 2006, defendants RICHARD DORONIUK and MAHMOUD SHAMAH removed a black bag from Unit 549 that contained $20,000.

(e)    On or about June 13, 2006, defendants RICHARD DORONIUK and MAHMOUD

6

SHAMAH kept the $20,000 which they divided equally between themselves instead of inventorying it with CPD as property recovered from the search.

(f)     On or about August 17, 2006, defendants RICHARD DORONIUK, MAHMOUD SHAMAH, and LARRY CROSS agreed to steal contents from a storage locker by conducting a search of a storage unit pursuant to a state search warrant and keeping some or all of any money found during the search.

(g)     On or about August 18, 2006, defendants RICHARD DORONIUK, MAHMOUD SHAMAH, and LARRY CROSS went to a state court judge and obtained a state search warrant for the storage unit, Unit 111 at the Grand-Kilbourn Self Storage using a false affidavit.

(h)     On or about August 18, 2006, defendants RICHARD DORONIUK and MAHMOUD SHAMAH went to the Grand-Kilbourn Self Storage to execute the warrant on Unit 111.

(I)     On or about August 18, 2006, defendants RICHARD DORONIUK and MAHMOUD SHAMAH removed a cardboard box from Unit 111 that contained $18,100.

(j)     On or about August 18, 2006, defendants RICHARD DORONIUK and MAHMOUD SHAMAH inventoried only $7,000 of the money from the search and kept the remaining money, which they divided amongst themselves.

(k)     On or about August 19, 2006, defendant RICHARD DORONIUK provided defendant LARRY CROSS with money from the stolen funds as compensation for his role in the ripoff.

(l)     On or about August 19, 2006, defendant LARRY CROSS provided CW1 with $400 of the money provided to him by defendant RICHARD DORONIUK.

All in violation of Title 18, United States Code, Sections 371 and 2.

7

## COUNT TWO

The SPECIAL DECEMBER 2005 GRAND JURY further charges:

On or about June 13, 2006, in the Northern District of Illinois, Eastern Division,

RICHARD E. DORONIUK,
MAHMOUD SHAMAH, aka "Mike," and
LARRY CROSS, aka "Peanut,"

defendants herein, did steal, purloin, and convert to their own use money belonging to the United

States, namely approximately $20,000;

In violation of Title 18, United States Code, Sections 641 and 2.

8

## COUNT THREE

The SPECIAL DECEMBER 2005 GRAND JURY further charges:

On or about August 18, 2006, in the Northern District of Illinois, Eastern Division,

RICHARD E. DORONIUK,
MAHMOUD SHAMAH, aka "Mike," and
LARRY CROSS aka "Peanut,"

defendants herein, did steal, purloin, and convert to their own use money belonging to the United

States, namely approximately $11,100;

In violation of Title 18, United States Code, Sections 641 and 2.


A TRUE BILL:


_____

FOREPERSON


_____

UNITED STATES ATTORNEY

9